*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-361

JANUARY TERM, 2015

| | |
|---|---|
| In re G.W., Juvenile | }    APPEALED FROM: |

In re G.W., Juvenile         }      APPEALED FROM:
                                        }
                                        }      Superior Court, Windham Unit,
                                        }      Family Division
                                        }
                                        }      DOCKET NO. 67-8-13 Wmjv

Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Mother appeals from a judgment of the superior court, family division terminating her parental rights to the minor G.W. She contends the trial court's conclusion that she could not resume parental responsibilities within a reasonable period of time was based on a misapprehension of the record. We affirm.

G.W. was born in August 2012. Both parents at that time had a history of significant mental health problems, unstable employment and housing, and criminal convictions. In early August 2013, mother arranged to place G.W. with his paternal grandparents because she was about to be, and was, incarcerated. Later that month, the Department for Children and Families (DCF) filed a CHINS petition and G.W. was adjudicated CHINS in October 2013. DCF continued the child's placement with his paternal grandparents, who later became licensed foster parents. G.W. has remained with his grandparents since then.

After her release at the end of August 2013, mother moved around for several months, staying with different friends and relatives. She engaged in a sustained period of substance abuse, entered a residential treatment program for a short time, suffered from depression, and was generally unemployed. Mother thereafter failed to visit G.W. regularly or follow through on scheduled family-time coaching sessions. The State's disposition plan, filed in December 2013, required mother to engage in a variety of services, attend family visits with G.W. as scheduled, secure safe and stable housing, and not engage in further criminal activity.

In February 2014, mother was found to have violated her probation by testing positive for marijuana, failing to attend counseling, and failing to wear an electronic monitor. Later that month, mother voluntarily relinquished her parental rights to a younger sibling of G.W. with a different father. At the time of the termination hearing in April and June 2014, mother was pregnant and had recently entered the Lund residential program. Father was incarcerated at the time of the hearing, but participated by telephone.

In September 2014, the court issued a written decision, granting the State's petitions as to both parents. The court found that mother had failed to follow through with scheduled parent-child contacts; that she had played no significant role in G.W.'s life since her incarceration in August 2013; and that she had no current connection or bond with G.W. Although the court observed that mother was to be commended for recently entering the Lund program, which

might help her to safely parent her new child, it found that the program takes about nine months to complete, and was "too little too late" for G.W., who required permanency now. The court further found that G.W. had developed a close and healthy bond with his foster parents, the child's paternal grandparents, and was thriving in their home. The court thus concluded that mother could not resume parental responsibilities within a reasonable period of time, and granted the petition. This appeal by mother followed.[*]

Mother's sole claim on appeal is that the trial court erred in finding that she could not resume parental responsibilities within a reasonable period of time because the court erroneously "dismissed the likelihood that adoption by the grandparents would end up being an interim measure leading to . . . father being allowed by the grandparents to assume custody of G.W." The claim is predicated largely on the court's finding that the grandmother "hopes that . . . father can have a constructive role in [G.W's] life on his release from jail, but has made no specific commitment to . . . father along those lines."

The argument is unpersuasive. As we have frequently observed, a finding of parental unfitness is not affected by the possibility of a future adoptive home or other placement. In re T.T., 2005 VT 30, ¶ 7, 178 Vt. 496 (mem.). Thus, whatever the likelihood of G.W.'s adoption by his grandparents and their future decisions concerning contact with father, mother's fitness to parent G.W. was a separate matter. In this regard, mother has challenged none of the court's findings and conclusions specifically concerning her ability to resume parental responsibilities within a reasonable time, which are fully supported by the record.

It is not necessary that an adoptive home be identified in order to terminate parental rights. The important goal of permanency for a child achieved by freeing them for adoption does not guarantee permanent stability for the child. Potential adoptive placements, if any, identified at the time of a TPR hearing may not ultimately work out for a multitude of reasons. Post-adoptive changes in lives of the adoptive parents, such as death or separation, may also affect the child's long-term stability. But these considerations do not have any impact on whether parental rights should be terminated.

Furthermore, the record does not support mother's claim that adoption would be an "interim" disposition leading to father's resumption of custody. The record shows, and the court found, that the grandmother hoped that father would remain significantly involved in G.W.'s life. She did not state or imply, however, that she would allow father to resume custody if his rights were terminated. Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

---

[*] Father has not appealed from the judgment.